**FILED**
**FEBRUARY 21, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

WWR Ref. No. 06562552

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS (Eastern Division)

**08 C 1072**

| | |
|---|---|
| ADVANCE PAYROLL FUNDING, LTD., ) <br> 3401 Enterprise Parkway 5th Floor, ) <br> Cleveland, Ohio 44122, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DURACO PRODUCTS, INC., ) <br> dba DURACO PLASTICS, ) <br> c/o agent C T Corporation System, ) <br> 208 S. LaSalle Street, Suite 814, ) <br> Chicago, IL 60604, ) <br> ) <br> Defendant. ) | CASE NO. <br><br> JUDGE <br><br> **JUDGE SHADUR** <br> **MAGISTRATE JUDGE KEYS** <br><br><br> **COMPLAINT** <br><br> *Jury Demand Endorsed Hereon* |

Plaintiff, Advance Payroll Funding, Ltd. (hereinafter "Advance Payroll"), for its Complaint against Defendant Duraco Products, Inc. dba Duraco Plasitics (hereinafter "Duraco Products"), states as follows:

## INTRODUCTION

This is an action for money owed to Advance Payroll by Duraco Products, under a Factoring and Security Agreement (hereinafter "Agreement") with Eagle Personnel, Inc. (hereinafter "Eagle Personnel"), for temporary staffing provided by Eagle Personnel to Duraco Products. Advance Payroll's claims against Duraco Products include an action on account stated, quantum meruit, and an action on a bad check pursuant to 810 ILCS 5/3-101 et seq.

**PARTIES**

1.  Plaintiff, Advance Payroll, is an Ohio Domestic Limited Liability Company whose principal place of business is 3401 Enterprise Parkway, 5th Floor, Cleveland, Ohio 44122. Advance Payroll is in the business of providing payroll funding and accounts receivable management services to temporary staffing businesses. Advance Payroll was the "Purchaser" of Eagle Personnel's accounts receivable under the Agreement, which is attached hereto as Exhibit A.

2.  Non-party Eagle Personnel is an Illinois Corporation whose principal place of business is 6206 Southridge Drive, Plainfield, Illinois 60586. Eagle Personnel is in the business of providing temporary staffing to other businesses. Eagle Personnel is the "Seller" of its accounts receivable to Advance Payroll under the Agreement.

3.  Defendant, Duraco Products, is an Illinois Corporation whose principal place of business is 1109 East Lake Street, Streamwood, IL 60107-4395. Duraco Products is in the business of manufacturing and selling planters, bird feeders and other garden decor products. At all times pertinent hereto, Duraco Products was a customer and account debtor of Eagle Personnel, and received temporary staffing from Eagle Personnel, and is a "Payor" under the Agreement.

**JURISDICTION**

4.  This Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. §1332(a)(1) and (2) because complete diversity of citizenship exists between the parties.

5. The amount in controversy exceeds the sum or value of Seventy Five Thousand Dollars and no cents ($75,000.00) exclusive of court costs and interest, and is between citizens of two different states.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a)(2) in that a substantial portion of the activity which is the subject of this action occurred in this judicial district.

7. Venue is also proper in this Court pursuant to 28 USC §1391(a)(1) because complete diversity of citizenship exists between the parties as above mentioned.

## FACTUAL BACKGROUND

8. On or about August 31, 2007, Eagle Personnel entered into the Agreement with Advance Payroll.

9. Under the Agreement, Advance Payroll purchased the accounts receivable of Eagle Personnel. In this regard, the Agreement provides:

> 2. **Sale; Purchase Price; Billing**
>
> 2.1 Assignment and Sale
>
> 2.1.1 Seller [Eagle Personnel] shall offer to sell exclusively to Purchaser [Advance Payroll] as absolute owner, with full recourse, all of Seller's Accounts and list same from time to time on Seller's Schedules of Accounts.
>
> 2.1.2 Each Schedule of Accounts shall be accompanied by such documentation supporting and evidencing the Account, as Purchaser shall from time to time request.
>
> 2.1.3 Purchaser may, but need not purchase from Seller such Accounts as Purchaser determines to be Eligible Accounts.

   2.1.4  Purchaser shall pay the Purchase Price less the Reserve amount, of any Purchased Account, less any amounts due to Purchaser from Seller, including, without limitations, any amounts due to or on behalf of Seller under Section 3.1 hereof or pursuant to the "Services Exhibit" attached hereto, whereupon the Accounts shall be deemed purchased hereunder.

  2.2  Billing.  Purchaser may send a monthly statement to all Payors itemizing their account activity during the preceding billing period and in order to notify said Payors of the proper remittance location.  Purchaser may send additional notices as deemed necessary at Purchaser's discretion.  All Payors will be instructed to make payments to Purchaser with remittance advice to "Receivables Management Company for the benefit of Eagle Personnel, Inc." and sent to PO Box 931974, Cleveland, Ohio 44193.  Further, all invoices issued by Eagle Personnel, Inc. shall include the following statement:

    This account receivable has been assigned to and is owned by or subject to a security interest of Advance Payroll Funding LTD. and is payable only in United States Dollars.  <u>All payments shall be made payable to Receivables management company F/B/O Eagle Personnel, Inc. and sent to Post Office Box 931974 Cleveland, Ohio 44193.</u>

  10. Under the Agreement, Advance Payroll contracted the right to collect Eagle Personnel's accounts receivable from its account debtors.  In this regard, the Agreement provides in pertinent part:

  10. **Authorization to Purchaser**

  10.1  Seller irrevocably authorizes Purchaser at Seller's expense, to exercise at any time any of the following powers until all of the Obligations have been paid in full:

* * *

   10.1.2  Take or bring, in the name of Purchaser or Seller, all steps, actions, suits or proceedings deemed by

>Purchaser necessary or desirable to effect collection of or other realization upon Purchaser's Accounts.

11. From September 17, 2007 to December 23, 2007, Eagle Personnel provided Duraco Products with temporary staffing.

12. From October 3, 2007 to December 26, 2007, Eagle Personnel issued to Duraco Products fourteen (14) Labor Invoices for the above-stated temporary staffing. Authentic duplicates of the Labor Invoices are attached hereto as Exhibit B1 to B14.

13. Pursuant to the Labor Invoices attached hereto as Exhibit B1 to B14, such Invoices required payment within thirty (30) days after receipt of the same.

14. On December 21, 2007, Henry W. Gory, Controller and a duly authorized representative of Duraco Products, sent a correspondence to Al Garza at Eagle Personnel, verifying the unpaid balance of its account in the amount of $453,202.41 as of December 21, 2007, and stating that checks for $45,611.13 and $47,275.87 would be paid on December 28, 2007, and that a check for $48,620.45 would be paid on January 2, 2008. An authentic duplicate of the Correspondence of December 21, 2007 is attached hereto as Exhibit C.

15. Thereafter, checks for $45,611.13[1] and $47,275.87 were received from Duraco Products and applied to the Account by Advance Payroll.

16. On December 26, 2007, Eagle Personnel issued a Labor Invoice for $26,849.10, bringing the Account to its current balance. See Exhibit B-14.

17. On January 4, 2008, Duraco Products sent to Advance Payroll a check for $48,620.45. An authentic duplicate of this check is attached hereto as Exhibit E.

---

[1] On December 17, 2007, a check from Duraco Products for $45,611.13 was returned by the bank, unpaid, and marked "Payment Stopped," and that check was subsequently re-issued by Duraco Products. An authentic duplicate of the returned check is attached hereto as Exhibit D.

18. Advance Payroll deposited the check in an account at National City Bank.

19. On or about January 16, 2008, said check was returned to Advance Payroll, without payment, marked "Refer To Maker."

20. As of January 26, 2008, Duraco Products failed to timely pay invoices in the amount of $387,064.51, on account with Eagle Personnel, for temporary staffing provided by Eagle Personnel to Duraco Products. An authentic duplicate of the Statement of Account is attached hereto as Exhibit F.

21. On February 1, 2008, Advance Payroll sent to Duraco Products a correspondence, demanding payment of $387,064.51 owed on account for temporary staffing provided to Duraco Products by Eagle Personnel. An authentic duplicate of the Correspondence of February 1, 2008 is attached hereto as Exhibit G.

22. Duraco Products failed to respond to this demand letter, and previous requests by Advance Payroll for payment of $387,064.51 on account with Eagle Personnel, for temporary staffing provided by Eagle Personnel to Duraco Products.

23. Duraco Products has not disputed that temporary staffing was satisfactorily provided by Eagle Personnel in accordance with Duraco Products' requirements.

24. Duraco Products was provided with the Statement of Account, and retained the same beyond a reasonable time without objection, thereby constituting an acknowledgment and recognition of the correctness of the account.

## **COUNT ONE – ACTION ON ACCOUNT STATED**

25. Advance Payroll hereby incorporates by reference the allegations contained in Paragraphs 1 through 24 of the Complaint as though set forth herein.

26. As of December 26, 2007, Duraco Products has failed to timely pay invoices in the amount of $387,064.51, on account with Eagle Personnel, for temporary staffing provided by Eagle Personnel to Duraco Products. An authentic duplicate of the Statement of Account is attached hereto as Exhibit F.

27. The Statement of Account, attached hereto as Exhibit F, is kept in the regular course of business and is a true and accurate reflection of the services rendered and charges incurred therefore, which charges are unpaid by Duraco Products, for temporary staffing provided by Eagle Personnel to Duraco Products.

28. The aforementioned Account has been acknowledged by Duraco Products, in its letter of December 21, 2007, attached hereto as Exhibit C, and by subsequent payment by check of $45,611.13 and $47,275.87, which were received from Duraco Products and applied to the Account by Advance Payroll.

29. On February 1, 2008, Advance Payroll sent to Duraco Products a correspondence, demanding payment of $387,064.51 owed on account for temporary staffing provided to Duraco Products by Eagle Personnel. An authentic duplicate of the Correspondence of February 1, 2008 is attached hereto as Exhibit G.

30. Duraco Products failed to respond to this demand letter, and previous requests by Advance Payroll for payment of $387,064.51 on account with Eagle Personnel, for temporary staffing provided by Eagle Personnel to Duraco Products.

31. Duraco Products was provided with the Statement of Account, and retained the same beyond a reasonable time without objection, thereby constituting an acknowledgment and recognition of the correctness of the account.

32. The Statement on Account represents an implied agreement between Advance Payroll and Duraco Products that the transactions stated therein are true and that the balance is correct, together with an implied promise by Duraco Products for the payment of such balance.

33. As a direct and proximate result of Duraco Product's failure to pay the Statement of Account, Advance Payroll has been damaged in the amount of $387,064.51, plus interest, costs and attorney fees to the extent permitted by law.

### COUNT TWO – QUANTUM MERUIT

34. Advance Payroll hereby incorporates by reference the allegations contained in Paragraphs 1 through 32 of the Complaint as though set forth herein.

35. At all relevant times, Eagle Personnel provided Duraco Products with temporary staffing, for which Advance Payroll has the contractual right of payment under a Factoring and Security Agreement.

36. Eagle Personnel provided Duraco Products with temporary staffing in the ordinary course of its business for profit, expecting payment for all services rendered.

37. Duraco Products accepted Eagle Personnel's services in the ordinary course of business under circumstances which would suggest that payment was expected therefore.

38. No contract exists between Duraco Products and Eagle Personnel, which would prescribe payment for these services, although reasonable business practice would dictate that such services be paid within thirty (30) days of invoicing.

39. Advance Payroll has contacted Duraco Products regarding its nonpayment for the above aforementioned temporary staffing, and requested payment.

40. Duraco Products has refused to pay the amount due and owing to Advance Payroll for temporary staffing provided by Eagle Personnel.

41. As a direct and proximate result of Duraco Products' failure to pay for the temporary staffing provided by Eagle Personnel, Duraco Products has been unjustly enriched, and Advance Payroll correspondingly damaged, in the amount of $387,064.51, plus interest, costs and attorney fees to the extent permitted by law.

## COUNT THREE – ACTION ON A BAD CHECK
### (pursuant to 810 ILCS 5/3-101 et seq

42. Advance Payroll hereby incorporates by reference the allegations contained in Paragraphs 1 through 41 of the Complaint as though set forth herein.

43. On January 4, 2008, Duraco Products sent to Advance Payroll a check for $48,620.45.

44. Advance Payroll deposited the check in an account at National City Bank.

45. On or about January 16, 2008, said check was returned to Advance Payroll, without payment, marked "Refer To Maker." A copy of the returned check is attached hereto as Exhibit E.

46. Advance Payroll took the check attached hereto as Exhibit E, for value, in good faith, and was unaware of any claims or defenses to its entitlement to payment under the check, and thus is a holder in due course of the check.

47.  As Advance Payroll took the check attached hereto as Exhibit E, for value, in good faith, and was unaware of any claims or defenses to its entitlement to payment under the check, and thus is a holder in due course of the check, it is entitled to the rights and remedies set forth in Article 3 of the UCC, as enacted in Illinois as 810 ILCS 5/3-101 et seq.

48.  Pursuant to Article 3 of the UCC, as enacted in Illinois as 810 ILCS 5/3-101 et seq., as a result of the return of the check, without payment, marked "Refer to Maker," Advance Payroll is entitled to the face value of the check, as well as all costs and expenses including reasonable attorney's fees incurred by any person in connection with the collection of the amount for which such check, and interest

WHEREFORE, Plaintiff, Advance Payroll Funding, Ltd., requests this Court enter Judgment in its favor and against Defendant, Duraco Products, Inc. dba Duraco Plastics, in the amount $387,064.51, plus interest, costs and attorney fees to the extent permitted by law, as to Counts One and Two of this Complaint.

Further, Plaintiff requests this Court enter Judgment in its favor and against Defendant, in the amount $48,620.45, as well as all costs and expenses including reasonable attorney's fees incurred by any person in connection with the collection of the amount for which such check, and interest from January 16, 2008, as to Count Three of this Complaint.

Further, Plaintiff requests such further relief as this Court may deem just and equitable.

Respectfully submitted,

WELTMAN, WEINBERG & REIS CO., L.P.A.

/s/ Robert T. Kuehl
Robert T. Kuehl (Ill. Bar No. 6271281)
*Attorney for Plaintiff*
180 LaSalle Street, Suite 2400
Chicago, IL 60601
Telephone: (312) 782-9676
Facsimile: (312) 782-4201
Email: rkuehl@weltman.com

## **JURY DEMAND**

Plaintiff, Advance Payroll Funding, Ltd., demands a trial by jury by the maximum number of jurors permitted on all triable issues herein.

Respectfully submitted,

WELTMAN, WEINBERG & REIS CO., L.P.A.

/s/ Robert T. Kuehl
Robert T. Kuehl (Ill. Bar No. 6271281)
*Counsel for Plaintiff*
