```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION
```

ADVANCE PAYROLL FUNDING, LTD.,    )
                                  )
            Plaintiff,            )
                                  )
    v.                            )    No.  08 C 1072
                                  )
DURACO PRODUCTS, INC., etc.,      )
                                  )
            Defendant.            )

                      MEMORANDUM ORDER

    This action has come to this Court's calendar under this District's random assignment system.  This memorandum order is issued sua sponte in accordance with the continuing mandate from our Court of Appeals (see, e.g., Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005)) that the policing of subject matter jurisdiction is a compulsory matter.

    It is time that complaints such as the present one should trigger an automatic dismissal when counsel for any plaintiff limited liability company clearly fails to carry the plaintiff's burden of establishing subject matter jurisdiction.  In July of this year a full decade will have elapsed since our Court of Appeals meticulously spelled out the requirements in that respect (Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998), a message that our Court of Appeals has since had to repeat again and again (see, e.g., Wise v. Wachovia Sec., LLC, 450 F.3d 265, 267 (7th Cir. 2006) and Thomas v. Guardsmark, LLC, 487 F.3d 531, 533-34 (7th Cir. 2007)) and that District Judges are compelled to

repeat even more frequently.

There has to be some cost attached to the total disregard of such a long- and firmly-established jurisdictional principle. Hence this action is dismissed for want of the proper establishment of subject matter jurisdiction.[1] That said, however, this Court has no desire to force plaintiff's counsel, if the defect identified in the cited cases is curable, to have to redo the bulky Complaint and its exhibits. Accordingly, if a timely motion were to be filed under Fed. R. Civ. P. 59(e) that demonstrates that the requisite diversity is indeed present, this Court would consider granting such a motion on condition that plaintiff pay into court the same $350 amount that would be applicable to a newly-filed action.

                                        _____
                                        Milton I. Shadur
                                        Senior United States District Judge

Date: February 25, 2008

---

[1] Indeed, counsel's omission of the required information is even more egregious. In the disclosure statement as to "affiliates" that this District Court's LR 3.2 requires, counsel was clearly aware of (because he cited) this District Court's LR 3.2, yet he stated that LR 3.2(B) "is not applicable, because Advance Payroll is not a general partnership, joint venture, LLC, LLLP, LLP or an unincorporated association" (emphasis added). That assertion is flatly refuted both by the case caption and by Complaint ¶1--and if counsel had paid heed to the LR he would have seen that every member of the plaintiff LLC had to be disclosed--and that is so, of course, for the jurisdictional reason set out in the cited cases.