WWR Ref. No. 06562552

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS (Eastern Division)**

| | | |
|---|---|---|
| ADVANCE PAYROLL FUNDING, LTD., | ) | CASE NO. 08 C 1072 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | JUDGE MILTON I. SHADUR |
| | ) | MAG. JUDGE ARLANDER KEYS |
| DURACO PRODUCTS, INC., etc. | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT FOR SUM CERTAIN**
**PURSUANT TO FED.R.CIV.P. 55(B)(1)**

Now comes Plaintiff Advance Payroll Funding, Ltd., and hereby moves the Court to enter Default Judgment against Defendant Duraco Products, Inc. dba Duraco Plastics for the sum certain of $387,064.51. The reasons for this Motion are fully set forth in the Memorandum in Support and the Affidavit of Jeremy L. Bilsky, Esq., which are attached hereto and incorporated herein by reference.

Respectfully submitted,

WELTMAN, WEINBERG & REIS CO., L.P.A.

/s/ Robert T. Kuehl
Robert T. Kuehl (Ill. Bar No. 6271281)
*Co-Counsel for Plaintiff*
180 LaSalle Street, Suite 2400
Chicago, IL 60601
Telephone: (312) 782-9676
Facsimile: (312) 782-4201
Email: rkuehl@weltman.com

Respectfully submitted,

WELTMAN, WEINBERG & REIS CO., L.P.A.

J. Charles Ruiz-Bueno (#0046806)
*Pro Hac Vice/Lead Counsel for Plaintiff*
Michael F. Schmitz (Ohio #0064842)
*Pro Hac Vice/Co-Counsel for Plaintiff*
Lakeside Place, Suite 200
323 W. Lakeside Avenue
Cleveland, OH  44113
Telephone: (216) 685-1169
Telephone:  (216) 685-1106
Facsimile:  (216) 685-4345
Email:  jruizbueno@weltman.com
Email:  mschmitz@weltman.com

2

**MEMORANDUM IN SUPPORT**

I.  **STATEMENT OF FACTS**

Advance Payroll Funding, Ltd. (hereinafter "Advance Payroll") is in the business of providing payroll funding and accounts receivable management services to temporary staffing businesses.  *See Affidavit of Jeremy L. Bilsky, Esq., General Counsel for Advance Payroll Funding, Ltd, attached hereto as Exhibit 1, paragraph 2.*

Advance Payroll was the "Purchaser" of the accounts receivable of Eagle Personnel, Inc. (hereinafter "Eagle Personnel") under the Factoring and Security Agreement (hereinafter "Agreement").  *See Exhibit 1, paragraph 3.*  An authentic duplicate of the Agreement is attached to the Affidavit of Mr. Bilsky as Exhibit A.  *See Exhibit 1, paragraph 4.*

Eagle Personnel is the "Seller" of its accounts receivable to Advance Payroll under the Agreement.  *See Exhibit 1, paragraph 5.*  At all times pertinent hereto, Duraco Products, Inc. dba Duraco Plastics (hereinafter "Duraco Products") was a customer and account debtor of Eagle Personnel, and received temporary staffing from Eagle Personnel, and is a "Payor" under the Agreement.  *See Exhibit 1, paragraph 6.*

On or about August 31, 2007, Eagle Personnel entered into the Agreement with Advance Payroll.  *See Exhibit 1, paragraph 7.*  Under the Agreement, Advance Payroll purchased the accounts receivable of Eagle Personnel.  *See Exhibit 1, paragraph 8.*  Under the Agreement, Advance Payroll contracted the right to collect Eagle Personnel's accounts receivable from its account debtors.  *See Exhibit 1, paragraph 9.*

From September 17, 2007 to December 23, 2007, Eagle Personnel provided Duraco Products with temporary staffing.  *See Exhibit 1, paragraph 10.*  From October

3, 2007 to December 26, 2007, Eagle Personnel issued to Duraco Products fourteen (14) Labor Invoices for the above-stated temporary staffing, which remain unpaid. *See Exhibit 1, paragraph 11.* Authentic duplicates of the Labor Invoices are attached to the Affidavit of Mr. Bilsky as Exhibit B1 to B14. *See Exhibit 1, paragraph 12.* Pursuant to the Labor Invoices attached hereto as Exhibit B1 to B14, such Invoices required payment within thirty (30) days after receipt of the same. *See Exhibit 1, paragraph 13.*

On December 21, 2007, Henry W. Gory, Controller and a duly authorized representative of Duraco Products, sent a correspondence to Al Garza at Eagle Personnel, verifying the unpaid balance of its account in the amount of $453,202.41 as of December 21, 2007, and stating that checks for $45,611.13 and $47,275.87 would be paid on December 28, 2007, and that a check for $48,620.45 would be paid on January 2, 2008. *See Exhibit 1, paragraph 14.* An authentic duplicate of the Correspondence of December 21, 2007 is attached to the Affidavit of Mr. Bilsky as Exhibit C. *See Exhibit 1, paragraph 15.*

Thereafter, checks for $45,611.13 and $47,275.87 were received from Duraco Products and applied to the Account by Advance Payroll. *See Exhibit 1, paragraph 16.* On December 17, 2007, a check from Duraco Products for $45,611.13 was returned by the bank, unpaid, and marked "Payment Stopped," and that check was subsequently re-issued by Duraco Products. *See Exhibit 1, paragraph 17.* An authentic duplicate of the returned check is attached to the Affidavit of Mr. Bilsky as Exhibit D. *See Exhibit 1, paragraph 18.*

On December 26, 2007, Eagle Personnel issued a Labor Invoice for $26,849.10, which remains unpaid, bringing the Account to its current balance.  *See Exhibit 1, paragraph 19.*

On January 4, 2008, Duraco Products sent to Advance Payroll a check for $48,620.45.  *See Exhibit 1, paragraph 20.*  An authentic duplicate of the check of January 4, 2008 is attached to the Affidavit of Mr. Bilsky as Exhibit E.  *See Exhibit 1, paragraph 21.*  Advance Payroll deposited the check in an account at National City Bank.  *See Exhibit 1, paragraph 22.*  On or about January 16, 2008, said check was returned to Advance Payroll, without payment, marked "Refer To Maker."  *See Exhibit 1, paragraph 23.*

As of January 26, 2008, Duraco Products failed to timely pay invoices in the amount of $387,064.51, on account with Eagle Personnel, for temporary staffing provided by Eagle Personnel to Duraco Products.  *See Exhibit 1, paragraph 24.*  An authentic duplicate of the Statement of Account is attached to the Affidavit of Mr. Bilsky as Exhibit F.  *See Exhibit 1, paragraph 25.*

On February 1, 2008, Advance Payroll sent to Duraco Products a correspondence, demanding payment of $387,064.51 owed on account for temporary staffing provided to Duraco Products by Eagle Personnel.  *See Exhibit 1, paragraph 26.*  An authentic duplicate of the Correspondence of February 1, 2008 is attached to the Affidavit of Mr. Bilsky as Exhibit G.  *See Exhibit 1, paragraph 27*.  Duraco Products failed to respond to this demand letter, and previous requests by Advance Payroll for payment of $387,064.51 on account with Eagle Personnel, for temporary staffing provided by Eagle Personnel to Duraco Products.  *See Exhibit 1, paragraph 28.*

Duraco Products has not disputed that temporary staffing was satisfactorily provided by Eagle Personnel in accordance with Duraco Products' requirements.  *See Exhibit 1, paragraph 29.*  Duraco Products was provided with the Statement of Account, and retained the same beyond a reasonable time without objection, thereby constituting an acknowledgment and recognition of the correctness of the account. *See Exhibit 1, paragraph 30.*

The amount of $387,064.51, as stated on the open and acknowledged account, is an objective sum certain, supported by the attached objective documentation.  *See Exhibit 1, paragraph 31.*

## II.   STATEMENT OF CASE

On February 21, 2008, Advance Payroll filed a Complaint against Duraco in this matter.  *See Docket Entry # 1.*  Thereafter, upon Order of the Court, on March 12, 2008, Advance Payroll filed an Amended Complaint against Duraco.  *See Docket Entry # 13.*

On March 25, 2008, Duraco was served with Summons and the Amended Complaint.  *See Docket Entry # 17.*  Pursuant to Fed. R. Civ. P. 12(a)(1)(A), Duraco was required to answer or otherwise respond to Advance Payroll's Amended Complaint within twenty (20) days, on or before April 14, 2008.  *See Docket Entry # 17.*  Duraco has failed to do so.  Therefore, on April 22, 2008, upon application by Advance Payroll, the Clerk made a docket entry of default pursuant to Fed. R. Civ. P. 55(a).

Advance Payroll moves the Court for a Default Judgment in its favor and against Duraco for the sum certain of $387,064.51 pursuant to Fed. R. Civ. P. 55(b)(1).

### III.  LAW AND ARGUMENT

### A.  **<u>ADVANCE PAYROLL IS ENTITLED TO DEFAULT JUDGMENT AGAINST DURACO FOR THE SUM CERTAIN OF $387,064.51 PURSUANT TO FED. R. CIV. P. 55(B)(1).</u>**

In this case, as Duraco has defaulted and otherwise failed to appear, despite being afforded every opportunity to defend this matter, Advance Payroll is entitled to Default Judgment against Duraco for the sum certain of $387,064.51, as set forth in the attached affidavit.

Fed. R. Civ. P. 55(b)(1) sets forth the procedure for the entry of default judgment for a sum certain by the Clerk, without application to or hearing by the Court. Fed. R. Civ. P. 55(b) provides in pertinent part:

> Judgment. (b) Judgment by default may be entered as follows:
>
> (1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.

"Even the clerk of court is empowered to enter a default judgment without a hearing where, as here, except for the fraud damages alleged in Count III, a plaintiff's claim is for a sum certain or for a sum which by computation can be made certain. Rule 55(b)(1) of the Federal Rules of Civil Procedure." *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 at fn. 7 (7th Cir. Ill. 1983).

"Rule 55(b)(1) allows the court clerk to enter a default judgment when the plaintiff's claim 'is for a sum certain or for a sum which can by computation be made certain…'" *Appleton Electric Co. v. Graves Truck Line, Inc.*, 635 F.2d 603, 611 (7th Cir.

Ill. 1980). See also *Warner Bros. Records, Inc. v. Hentz*, 2007 U.S. Dist. LEXIS 63716, at *5 (S.D. Ill. Aug. 29, 2007), citing *Palladino v. General Crushed Stone Co.,* No. 96-CV-1355, 1997 U.S. Dist. LEXIS 1571, 1997 WL 67792, at *1 (N.D.N.Y. Feb. 13, 1997).

In this case, all the requirements for Entry of Default Judgment by the Clerk, without a hearing by the Court, have been established. First, Advance Payroll's claim against Duraco is for a sum certain of $387,064.51 on an open account stated, and in fact an account and balance which has been acknowledged and confirmed by Duraco's Controller. *See Exhibit 1, paragraphs 14 and 15.* Second, Advance Payroll has made this request to the Clerk, and presented it with the Affidavit of Mr. Bilsky, which sets forth the amount due. Third, Duraco has defaulted for failure to appear, despite ample opportunity to defend this matter, and as a corporation is not an infant or incompetent person.

As such, having satisfied the requirements of Fed. R. Civ. P. 55(b)(1), Duraco requests an Entry of Default Judgment against Duraco for the sum certain of $387,064.51 under said rule.

IV.     **CONCLUSION**

Based on the foregoing, and based on the attached affidavit and authenticated documentation, Plaintiff, Advance Payroll Funding, Ltd., by and through counsel, moves the Court for a Default Judgment against Defendant Duraco Products, Inc. dba Duraco Plastics, pursuant to Fed.R.Civ.P. 55(b)(1), in the sum certain amount of $387,064.51.

> Respectfully submitted,
>
> WELTMAN, WEINBERG & REIS CO., L.P.A.
>
>  /s/ Robert T. Kuehl
> Robert T. Kuehl (Ill. Bar No. 6271281)
> *Co-Counsel for Plaintiff*
> 180 LaSalle Street, Suite 2400
> Chicago, IL 60601
> Telephone: (312) 782-9676
> Facsimile: (312) 782-4201
> Email: rkuehl@weltman.com
>
> J. Charles Ruiz-Bueno (#0046806)
> *Pro Hac Vice/Lead Counsel for Plaintiff*
> Michael F. Schmitz (Ohio #0064842)
> *Pro Hac Vice/Co-Counsel for Plaintiff*
> Lakeside Place, Suite 200
> 323 W. Lakeside Avenue
> Cleveland, OH  44113
> Telephone: (216) 685-1169
> Telephone:  (216) 685-1106
> Fax:  (216) 685-4345
> E-mail:  jruizbueno@weltman.com
> E-mail:  mschmitz@weltman.com

### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS (Eastern Division)

| | |
|---|---|
| ADVANCE PAYROLL FUNDING, LTD., ) | CASE NO. 08 C 1072 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | JUDGE MILTON I. SHADUR |
| ) | MAG. JUDGE ARLANDER KEYS |
| DURACO PRODUCTS, INC., etc. ) | |
| ) | |
| Defendant. ) | |

**PROOF OF SERVICE OF
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT FOR SUM CERTAIN
PURSUANT TO FED.R.CIV.P. 55(B)(1)**

I, Robert T. Kuehl, certify as follows under penalty of perjury this 5th day of May, 2008.

1. I filed *Plaintiff's Motion For Default Judgment For Sum Certain Pursuant To Fed. R. Civ. P. 55(b)(1)*, Plaintiff's Notice of Motion, Plaintiff's Notice of Presentment of Motion, and Plaintiff's Proposed Judgment and Order, by filing it with the clerk of court by electronic means.

2. I further caused copies of *Plaintiff's Motion For Default Judgment For Sum Certain Pursuant To Fed. R. Civ. P. 55(b)(1)*, Plaintiff's Notice of Motion, Plaintiff's Notice of Presentment of Motion, and Plaintiff's Proposed Judgment and Order, to be served by regular mail, pursuant to Loc.R. 5.3(a)(2) and Fed.R.Civ.P. 5(b)(2)(C), to DURACO PRODUCTS, INC., dba DURACO PLASTICS, c/o agent C T Corporation System, at the agent's last known address of 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

3.  I further caused copies of *Plaintiff's Motion For Default Judgment For Sum Certain Pursuant To Fed. R. Civ. P. 55(b)(1)*, Plaintiff's Notice of Motion, Plaintiff's Notice of Presentment of Motion, and Plaintiff's Proposed Judgment and Order, to be served by regular mail, pursuant to Loc.R. 5.3(a)(2) and Fed.R.Civ.P. 5(b)(2)(C), to DURACO PRODUCTS, INC., dba DURACO PLASTICS, at its last known address of 1109 East Lake Street, Streamwood, IL 60107-4395.

Respectfully submitted,

WELTMAN, WEINBERG & REIS CO., L.P.A.

 /s/ Robert T. Kuehl
Robert T. Kuehl (Ill. Bar No. 6271281)
*Attorney for Plaintiff*
180 LaSalle Street, Suite 2400
Chicago, IL 60601
Telephone: (312) 782-9676
Facsimile: (312) 782-4201
E-mail: rkuehl@weltman.com