WWR Ref. No. 06562552

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS (Eastern Division)

| | |
|---|---|
| ADVANCE PAYROLL FUNDING, LTD., ) | CASE NO. 08 C 1072 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | JUDGE MILTON I. SHADUR |
| ) | MAG. JUDGE ARLANDER KEYS |
| DURACO PRODUCTS, INC., ) | |
| dba DURACO PLASTICS ) | |
| ) | |
| Defendant. ) | |

## AFFIDAVIT OF JEREMY BILSKY, ESQ.

State of Ohio        )
                     )  ss.
County of Cuyahoga   )

Now comes Jeremy L. Bilsky, Esq., and being first duly sworn, deposes and says that:

1. I am General Counsel for Advance Payroll Funding, Ltd. (hereinafter "Advance Payroll)", and am familiar with the facts surrounding the above-captioned matter.

2. Advance Payroll Funding, Ltd. (hereinafter "Advance Payroll") is in the business of providing payroll funding and accounts receivable management services to temporary staffing businesses.



EXHIBIT 1

1

3. Advance Payroll was the "Purchaser" of the accounts receivable of Eagle Personnel, Inc. (hereinafter "Eagle Personnel") under the Factoring and Security Agreement (hereinafter "Agreement").

4. An authentic duplicate of the Agreement is attached hereto as Exhibit A.

5. Eagle Personnel is the "Seller" of its accounts receivable to Advance Payroll under the Agreement.

6. At all times pertinent hereto, Duraco Products, Inc. dba Duraco Plastics (hereinafter "Duraco Products") was a customer and account debtor of Eagle Personnel, and received temporary staffing from Eagle Personnel, and is a "Payor" under the Agreement.

7. On or about August 31, 2007, Eagle Personnel entered into the Agreement with Advance Payroll.

8. Under the Agreement, Advance Payroll purchased the accounts receivable of Eagle Personnel.

9. Under the Agreement, Advance Payroll contracted the right to collect Eagle Personnel's accounts receivable from its account debtors.

10. From September 17, 2007 to December 23, 2007, Eagle Personnel provided Duraco Products with temporary staffing.

11. From October 3, 2007 to December 26, 2007, Eagle Personnel issued to Duraco Products fourteen (14) Labor Invoices for the above-stated temporary staffing, which remain unpaid.

12. Authentic duplicates of the Labor Invoices are attached hereto as Exhibit B1 to B14.

13. Pursuant to the Labor Invoices attached hereto as Exhibit B1 to B14, such Invoices required payment within thirty (30) days after receipt of the same.

14. On December 21, 2007, Henry W. Gory, Controller and a duly authorized representative of Duraco Products, sent a correspondence to Al Garza at Eagle Personnel, verifying the unpaid balance of its account in the amount of $453,202.41 as of December 21, 2007, and stating that checks for $45,611.13 and $47,275.87 would be paid on December 28, 2007, and that a check for $48,620.45 would be paid on January 2, 2008.

15. An authentic duplicate of the Correspondence of December 21, 2007 is attached hereto as Exhibit C.

16. Thereafter, checks for $45,611.13 and $47,275.87 were received from Duraco Products and applied to the Account by Advance Payroll.

17. On December 17, 2007, a check from Duraco Products for $45,611.13 was returned by the bank, unpaid, and marked "Payment Stopped," and that check was subsequently re-issued by Duraco Products.

18. An authentic duplicate of the returned check is attached hereto as Exhibit D.

19. On December 26, 2007, Eagle Personnel issued a Labor Invoice for $26,849.10, which remains unpaid, bringing the Account to its current balance.

20. On January 4, 2008, Duraco Products sent to Advance Payroll a check for $48,620.45.

21. An authentic duplicate of the check of January 4, 2008 is attached hereto as Exhibit E.

22. Advance Payroll deposited the check in an account at National City Bank.

23. On or about January 16, 2008, said check was returned to Advance Payroll, without payment, marked "Refer To Maker."

24. As of January 26, 2008, Duraco Products failed to timely pay invoices in the amount of $387,064.51, on account with Eagle Personnel, for temporary staffing provided by Eagle Personnel to Duraco Products.

25. An authentic duplicate of the Statement of Account is attached hereto as Exhibit F.

26. On February 1, 2008, Advance Payroll sent to Duraco Products a correspondence, demanding payment of $387,064.51 owed on account for temporary staffing provided to Duraco Products by Eagle Personnel.

27. An authentic duplicate of the Correspondence of February 1, 2008 is attached hereto as Exhibit G.

28. Duraco Products failed to respond to this demand letter, and previous requests by Advance Payroll for payment of $387,064.51 on account with Eagle Personnel, for temporary staffing provided by Eagle Personnel to Duraco Products.

4

29. Duraco Products has not disputed that temporary staffing was satisfactorily provided by Eagle Personnel in accordance with Duraco Products' requirements.

30. Duraco Products was provided with the Statement of Account, and retained the same beyond a reasonable time without objection, thereby constituting an acknowledgment and recognition of the correctness of the account.

31. The amount of $387,064.51 is an objective sum certain, supported by the attached objective documentation.

FURTHER AFFIANT SAYETH NAUGHT,

_____
JEREMY L. BILSKY, ESQ.

SWORN TO BEFORE ME and subscribed in my presence this 10th day of April, 2008.

_____
NOTARY PUBLIC

JULIE PICCIANO
Notary Public, State of Ohio
My Commission Expires 1-27-09

5