WWR Ref. No. 06562552

# SETTLEMENT AGREEMENT

This agreement (hereinafter "Settlement Agreement") is made and entered into this 14th day of May, 2008 between Plaintiff Advance Payroll Funding, Ltd. (hereinafter "Advance") and Duraco Products, Inc. dba Duraco Plastics (hereinafter "Duraco") with reference to the following:

I.

Certain commercial disputes and controversies have arisen between Duraco and Advance, arising out of and related to temporary staffing services provided to Duraco by Eagle Personnel, Inc. (hereinafter "Eagle") and Advance's purchase of Eagle's accounts receivable under a Factoring and Security Agreement (hereinafter collectively "Transactions"), corresponding Labor Invoices issued to Duraco for Eagle's services (hereinafter "Invoices"), and a Statement of Account with a balance of $387,064.51 (hereinafter "Account"), which formed the basis of *Advance Payroll Funding Ltd. v. Duraco Products, Inc.*, *etc.*, in the United States District Court for the Northern District of Illinois (Chicago), Case No. 1:08-cv-01072 (hereinafter "Litigation"). **ADVANCE KNOWS OF NO OTHER CLAIMS IT HAS AGAINST DURACO OTHER THAN THOSE DESCRIBED HEREIN.**

II.

DRAFT

It is the intention of Duraco and Advance (hereinafter collectively "Parties) to finally and forever settle such disputes and controversies as between them and release each other, as well as the Parties' present and former agents, attorneys, servants, officers, directors, employees, shareholders, principals, insurers, insureds, creditors, predecessors, alter egos, parents, subsidiaries, sureties, heirs, executors, administrators, trustees, successors and assigns, fully and completely, from all claims, demands, and causes of action based upon or relating to, arising from or otherwise involving in the Transactions, Invoices, Account and Litigation referenced above.

III.

In consideration of the mutual promises, representations, acknowledgments, releases, covenants and commitments set forth hereinbelow, the Parties hereby agree as follows:

    1.    Duraco hereby agrees to pay to Advance, the sum of $387,064.51, pursuant to the payment terms set forth below in paragraph 2, as full and final payment of the Invoices and Account issued in connection with the corresponding Transactions, and in full and final settlement of the Transactions and Litigation

    2.    Duraco hereby agrees to wire to Advance a first payment of $50,000 on ~~Tuesday May 13~~, **MONDAY, MAY 19, 2008.**

Thereafter, Duraco hereby agrees to wire to Advance $10,000 once a week, for thirty-two (32) weeks, commencing on Tuesday May 20, 2008, and continuing until the balance is paid in full, with a thirty-

fourth (34th) and final payment of $17,064.51 to be paid on or before December 30, 2008.

3.  Each payment should be made by way of wire transfer to Advance, based on the wire instructions provided by its General Counsel.

4.  Each party, except as to such rights or claims as may be created by this instrument, hereby releases, remises and forever discharges and holds harmless each other party hereto and each of the Parties' present and former agents, attorneys, servants, officers, directors, employees, shareholders, principals, insurers, insureds, creditors, predecessors, alter egos, parents, subsidiaries, sureties, heirs, executors, administrators, trustees, successors and assigns, from any and all claims, demands and causes of action heretofore or hereinafter arising out of, connected with or incidental to the subject Transactions, Invoices, Account and Litigation.

5.  In addition, the Parties Agree to execute the Stipulated Judgment Entry which attached hereto as Exhibit A, as a precondition to the dismissal of the underlying litigation. **THE STIPULATED JUDGMENT IS IN THE AMOUNT OF $407,054.41, WHICH IS HIGHER THAN ADVANCE'S ACCOUNT BALANCE BECAUSE IT INCLUDES ATTORNEYS' FEES AND COSTS OF $19,989.90 THAT ADVANCE IS WAIVING EXCEPT UPON DURACO'S DEFAULT.**

By its terms, this Stipulated Judgment Entry shall be held in trust by counsel for Advance, and shall not be filed with the Court absent a breach of the payment terms of this Agreement, as set forth in paragraphs 1 and 2 above.

**IF DURACO DEFAULTS IN ANY PAYMENT PROVIDED FOR HEREIN BY BECOMING MORE THAN FIVE (5) BUSINESS DAYS LATE IN THE MAKING THEREOF, THEN ADVANCE MAY AT ANY TIME THEREAFTER, IN ITS SOLE DISCRETION, GIVE DURACO A FIVE (5) BUSINESS DAYS**



NOTICE OF SUCH DEFAULT, DEMANDING PAYMENT THEREOF AND IF PAYMENT IS NOT MADE BY THE EXPIRATION OF SUCH DEFAULT NOTICE PERIOD, THEN ADVANCE MAY MOVE THE DISTRICT COURT TO ENTER THE STIPULATED JUDGMENT AGAINST DURACO AS HEREIN BELOW PROVIDED. DURACO AGREES NOT TO OPPOSE THE ENTRY OF SAID JUDGMENT, EXCEPT THAT IF IT HAS PAID THE DELINQUENT PAYMENT PLUS $1,500.00 IN ATTORNEYS' FEES (AS ADVANCE'S FULL COST RELATING TO SUCH DEFALT NOTICE) BY ADVANCE'S FIRST PRESENTATION OF THE MOTION (OR ANY SUCH FURTHER TIME TO WHICH ADVANCE MAY AGREE IN ITS SOLE DISCRETION) THEN THE PAYMENTS PROVIDED FOR HEREUNDER SHALL BE REINSTATED AS IF THERE HAD BEEN NO DEFAULT.

Upon breach by Duraco of its payment obligation set forth in paragraph 1 and 2 above, **AND PURSUANT TO THE DEFAULT PROVISIONS HEREOF,** the Parties stipulate, consent and otherwise agree that Advance may file the Stipulated Judgment Entry with the Court for immediate execution.

If Duraco breaches its payment obligations of this Agreement, and if Advance files the Stipulated Judgment Entry, the amount of the Stipulated Judgment Entry shall be reduced by the amount of any payments made by Duraco to Advance prior to any such breach of this Agreement.

IV.

Each of the parties to this Agreement represents and warrants to, and agrees with each other party hereto, as follows:

1. Each party has received independent legal advice from attorneys with respect to the advisability of making the settlement provided for herein, and with respect to the advisability of executing this Agreement.

2. No party (nor any officer, agent, partner, employee, representative or attorney of or for any party) has made any statement or representation to any other party regarding any fact relied upon in entering into this Agreement, and each party does not rely upon any statement, representation or promise of any other party in executing this Agreement, or making the settlement provided for herein, except as expressly stated in this Agreement.

3. Each party has not heretofore assigned, transferred, or granted, or purported to assign, transfer or grant, any of the claims, demands and causes of actions disposed of by this Agreement.

4. No threat, promise or representation of any kind has been made by any other party hereto or anyone acting on behalf of any other party hereto, except as is expressly stated in this Agreement.

5. Each person executing this Agreement on behalf of any party is fully competent and authorized to execute this Agreement on behalf of such party.

V.

Each party is aware that it may hereafter discover claims or facts in addition to or different from those it now knows or believes to be true with respect to the matters related herein. Nevertheless, it is the intention of the Parties to fully, finally and forever settle and release all such matters, and all claims arising out of, connected with or incidental to the subject Transactions, Invoices, Account and Litigation, as to any such claims (whether known or unknown) which existed as of the effective date of this agreement, but do not flow from this Agreement.

This release applies to the Parties, as well as the respective Parties' present and former agents, attorneys, servants, officers, directors, employees, shareholders, principals, insurers, insureds, creditors, predecessors, alter egos, parents, subsidiaries, sureties, heirs, executors, administrators, trustees, successors and assigns.

In furtherance of such intentions, the releases given herein shall be and remain in effect as full and complete mutual releases of all such matters (whether known or unknown) which existed as of the effective date of this agreement, notwithstanding the discovery or existence of any additional or different claims or facts relative thereto.

This general release, however, does not release, settle or otherwise discharge future breaches, actions or conduct which takes place after the effective date of this Agreement, and any such future breaches, actions or conduct are expressly excluded from this Agreement.

VI.

This Agreement effects the settlement of claims which are denied and contested, and nothing contained herein shall be construed as an admission by any party hereto of any liability of any kind to any other party. Each of the Parties hereto denies any liability in connection with any claims and intends hereby solely to avoid litigation and buy peace. This Agreement represents an accord and satisfaction with respect to the subject Transactions, Invoices, Account and Litigation, and is not a forgiveness of debt. As such, the Parties shall not issue

*DRAFT*

any Form 1099 in connection with this Agreement or the subject Transactions, Invoices, Account and Litigation.

VII.

This Agreement is the entire Agreement between the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written agreements and discussions. The effective date of the Agreement shall be May 13, 2008.

VIII.

The Parties hereto agree that this Agreement shall be interpreted according to Illinois Law.

IX.

Should any part of this Agreement for any reason be declared by a court of competent jurisdiction to be invalid and not otherwise enforceable, such decision shall not affect the validity of any remaining parts, which remaining parts shall continue in full force and effect.

X.

This Agreement may be executed in one or more counterparts and each such counterpart shall for all purposes be deemed to be an original, and all such counterparts shall constitute one and the same Agreement.



XI.

A facsimile signature and/or an electronic mail signature on this Agreement shall be deemed to be an original.

**CAUTION!  READ BEFORE SIGNING**

IN WITNESS WHEREOF, the undersigned have set their hands:

5/15/08
~~5/14/08~~
_____
Date

[signature] _____(SEAL)
~~Michael Lynch, President~~ KEVIN P. LYNCH
As duly authorized representative of
Duraco Products, Inc. dba Duraco Plastics


5-15-08
_____
Date

[signature] _____(SEAL)
[print name] JEREMY L. BILSKY
[print title] GENERAL COUNSEL
As duly authorized representative of
Advance Payroll Funding, Ltd.

STATE OF ILLINOIS ; SS
COUNTY OF COOK
Subscribed and sworn to before me this 15th day of May, 2007,

Mary Quinlivan

OFFICIAL SEAL
MARY QUINLIVAN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:12/15/10

8

WWR Ref. No. 06562552

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS (Eastern Division)

| | |
|---|---|
| ADVANCE PAYROLL FUNDING, LTD., | ) CASE NO. 08 C 1072 |
| Plaintiff, | ) |
| vs. | ) JUDGE MILTON I. SHADUR |
| | ) MAG. JUDGE ARLANDER KEYS |
| DURACO PRODUCTS, INC., etc. | ) |
| Defendant. | ) |

## STIPULATED JUDGMENT ENTRY

The Parties to the above-captioned matter, Plaintiff Advance Payroll Funding, Ltd. (hereinafter "Advance") and Defendant Duraco Products, Inc. dba Duraco Plastics (hereinafter "Duraco") hereby stipulate, consent and otherwise agree to Judgment in favor of Advance and against Duraco in the amount of $407,054.41, with interest accruing at the statutory rate from May 13, 2008.

This Stipulated Judgment Entry shall be held in trust by counsel for Advance, and shall not be filed with the Court absent a breach of the corresponding Settlement Agreement entered into between the Parties on March 13, 2008, which is attached hereto and incorporated herein by reference as Exhibit A.

Upon Duraco's breach of its payment obligation set forth in the Settlement Agreement, the Parties stipulate, consent and otherwise agree that Advance may file this Stipulated Judgment Entry with the Court for immediate execution.

The amount of this Stipulated Judgment Entry shall be reduced by the amount of any payments made by Duraco to Advance prior to any such breach of the Settlement Agreement.

IT IS SO ORDERED,

_____
JUDGE MILTON I. SHADUR

Stipulated to by,

[opposing counsel]
Signature Block

Consented and agreed to by,

_____
~~Michael Lynch~~ Ken Lynch, as President
and duly authorized agent of
DURACO PRODUCTS, INC.
dba DURACO PLASTICS
1109 East Lake Street
Streamwood, IL 60107-4395

Stipulated to by

WELTMAN, WEINBERG & REIS CO., L.P.A.

/s/ J. Charles Ruiz-Bueno
J. Charles Ruiz-Bueno (#0046806)
*Pro Hac Vice/Lead Counsel for Plaintiff*
Michael F. Schmitz (Ohio #0064842)
*Pro Hac Vice/Co-Counsel for Plaintiff*
Lakeside Place, Suite 200
323 W. Lakeside Avenue
Cleveland, OH 44113
Telephone: (216) 685-1169
Telephone: (216) 685-1106
Facsimile: (216) 685-4345
Email: jruizbueno@weltman.com
Email: mschmitz@weltman.com

-and-

Robert T. Kuehl (Ill. Bar No. 6271281)
*Co-Counsel for Plaintiff*
180 LaSalle Street, Suite 2400
Chicago, IL 60601
Telephone: (312) 782-9676
Facsimile: (312) 782-4201
Email: rkuehl@weltman.com

2